UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JEFFREY B. NORSWORTHY, aka, MICHELLE-LAEL B. NORSWORTHY,<br><br>Plaintiff,<br><br>v.<br><br>JEFFREY BEARD, et al.,<br><br>Defendants. | Case No. 14-cv-00695-JST (PR)<br><br>**ORDER OF DISMISSAL WITH LEAVE TO AMEND; REFERRING MATTER TO FEDERAL PRO BONO PROJECT AND STAYING PROCEEDINGS PENDING APPOINTMENT OF COUNSEL** |

### INTRODUCTION

Plaintiff, a prisoner currently incarcerated at the Correctional Training Facility ("CTF"), brought this pro se civil rights action under 42 U.S.C. § 1983, seeking an injunction requiring the California Department of Corrections and Rehabilitation ("CDCR") to provide her[1] Sex Reassignment Surgery. Her complaint is now before the Court for review under 28 U.S.C. § 1915A.

### DISCUSSION

**1.   Standard of Review**

A federal court must engage in a preliminary screening of any case in which a prisoner seeks redress from a governmental entity or officer or employee of a governmental entity. See 28 U.S.C. § 1915A(a). In its review the court must identify any cognizable claims, and dismiss any claims which are frivolous, malicious, fail to state a claim upon which relief may be granted, or seek monetary relief from a defendant who is immune from such relief. See id. at § 1915A(b).

---

[1] According to the complaint, plaintiff is a pre-operation, transgender individual. Plaintiff refers to herself using female pronouns in her filings; therefore, the Court will do so in this Order.

Pro se pleadings must be liberally construed. See Balistreri v. Pacifica Police Dep't, 901 F.2d 696, 699 (9th Cir. 1990).

Federal Rule of Civil Procedure 8(a)(2) requires only "a short and plain statement of the claim showing that the pleader is entitled to relief." "Specific facts are not necessary; the statement need only "'give the defendant fair notice of what the . . . claim is and the grounds upon which it rests.'" Erickson v. Pardus, 127 S. Ct. 2197, 2200 (2007) (citations omitted). Although in order to state a claim a complaint "does not need detailed factual allegations, . . . a plaintiff's obligation to provide the grounds of his 'entitle[ment] to relief' requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do. . . . Factual allegations must be enough to raise a right to relief above the speculative level." Bell Atlantic Corp. v. Twombly, 127 S. Ct. 1955, 1964-65 (2007) (citations omitted). A complaint must proffer "enough facts to state a claim for relief that is plausible on its face." Id. at 1974.

To state a claim under 42 U.S.C. § 1983, a plaintiff must allege two elements: (1) that a right secured by the Constitution or laws of the United States was violated; and (2) that the violation was committed by a person acting under the color of state law. See West v. Atkins, 487 U.S. 42, 48 (1988).

**2.  Legal Claims**

The following allegations are taken from the complaint. Plaintiff began serving a life sentence within the CDCR in 1987. In 1998 or 1999, a correctional counselor transferred plaintiff to the Department of Mental Health within the California Medical Facility for a Gender Dysphoria Evaluation. The evaluation was conducted from October 1999 to January 2000, at which time, Ph.D. C.R. Viesti, a specialist in Gender/Sexual dysphorias and disorders, concluded that plaintiff is a transsexual suffering from severe Gender Identity Disorder ("GID").

Following the diagnosis in January 2000, plaintiff started feminizing endocrine therapy and psychotherapy. She has remained at "pre-operation dosages and intensity . . . over the last 14 years." (Compl. at 13.[2]) She has also undergone castration and "has developed and evolved into

---

[2] The page numbers used herein for this document refer to those affixed to the top of the page by the court's electronic filing program.

an extremely feminine, female, and womanly person in form and stature." (Id.)  According to "several doctors notes and reports," plaintiff "Presents-As-Female." (Id.)

Plaintiff seeks "Sex Reassignment Surgery ("SRS"), at state expense." (Compl. at 7.) According to the guidelines set by the World Professional Association for Transgender Health, Inc. ("WPATH"), a transgender person must live as a female under a doctor's care for 2 to 5 years to qualify for SRS.  Plaintiff has been living as a female for 13 years, far exceeding the guidelines. Further, in November 2012, plaintiff's psychotherapist of over two years, Dr. William Reese, Ph.D/MSCP, recommended SRS as a "medical necessity" in plaintiff's case. (Compl. at 14.) Plaintiff asserts that SRS would finish what the CDCR and its doctors have already started and would allow her to reduce her hormone therapies and medications to safer doses.  Plaintiff has used the CDCR inmate appeals process to request SRS, but has been denied.

In her "Legal Claims" section of the complaint, plaintiff alleges deliberate indifference to serious medical needs in violation of the Eighth Amendment as well as violation of the Fourteenth Amendment's Equal Protection Clause. (Compl. at 19-20.)  Plaintiff names as defendants CDCR Secretary Jeffrey Beard, CDCR Medical Receiver Clark Kelso, CTF Warden M.E. Spearman, CTF Chief Medical Executive A. Adams, and CDCR Chief of Appeals L.D. Zamora.  Plaintiff states generically that "each defendant has the power and authority to deny and obstruct 'medically necessary' treatments and procedures, and therefore, they, logically, have the power and authority to approve, order, and schedule surgeries." (Compl. at 6.)  Plaintiff adds insufficient facts, however, linking the individual defendants to her allegations of wrongdoing.

Deliberate indifference to a prisoner's serious medical needs violates the Eighth Amendment's proscription against cruel and unusual punishment.  Estelle v. Gamble, 429 U.S. 97, 104 (1976).  A determination of "deliberate indifference" involves an examination of two elements: the seriousness of the prisoner's medical need and the nature of the defendant's response to that need.  McGuckin v. Smith, 974 F.2d 1050, 1059 (9th Cir. 1992), overruled on other grounds, WMX Technologies, Inc. v. Miller, 104 F.3d 1133, 1136 (9th Cir. 1997) (en banc).  A prison official acts with deliberate indifference if he knows that a prisoner faces a substantial risk of serious harm and disregards that risk by failing to take reasonable steps to abate it.  Farmer v.

3

Brennan, 511 U.S. 825, 837 (1994).

Gender Identity Disorder, or transsexualism, is "'[a] rare psychiatric disorder in which a person feels persistently uncomfortable about his or her anatomical sex,' and who typically seeks medical treatment, including hormonal therapy and surgery, to bring about a permanent sex change." Farmer v. Brennan, 511 U.S. 825, 829 (1994) (quoting American Medical Association, Encyclopedia of Medicine 1006 (1989)).  Courts have consistently considered GID (including transsexualism or transgenderism) to be a serious medical condition for purposes of the Eighth Amendment.  See Cuoco v. Moritsugu, 222 F.3d 99, 106 (2d Cir. 2000); White v. Farrier, 849 F.2d 322, 325 (8th Cir. 1988); Meriwether v. Faulkner, 821 F.2d 408, 411-13 (7th Cir 1987); Kosilek v. Spencer, 889 F.Supp. 2d 190, 229 (D. Mass. 2012); Fields v. Smith, 712 F.Supp. 2d 830, 862 (E.D. Wisc. 2010).  Consequently, the complaint, when liberally construed, states a cognizable claim for relief for deliberate indifference to plaintiff's serious medical needs

As noted above, however, the complaint does not sufficiently link any defendant to this legal claim.  Accordingly, plaintiff's Eight Amendment claim will be dismissed with leave to amend to set forth specific facts showing the basis for liability for each defendant as to this claim. She should not refer to them as a group (e.g., "the defendants"); rather, she should identify each involved defendant by name and link each of them to her claim by explaining what each involved defendant did or failed to do that caused a violation of her rights.  See Leer v. Murphy, 844 F.2d 628, 634 (9th Cir. 1988).  Plaintiff must keep in mind that there is no vicarious liability under section 1983, i.e. no liability under the theory that one is responsible for the actions or omissions of an employee.  Liability under section 1983 arises only upon a showing of personal participation by the defendant.  Taylor v. List, 880 F.2d 1040, 1045 (9th Cir. 1989).

Finally, plaintiff alleges an equal protection violation as follows:

> The Defendants, having failed to protect plaintiff's rights, have violated the 14th amendment of the U.S. Constitution.  Plaintiff, a prisoner, is still a citizen, by birthright, of the United States of America.  Plaintiff has a right to be treated equally to that of any other citizen, incarcerated or not.

(Compl. at 20.)

"The Equal Protection Clause of the Fourteenth Amendment commands that no State shall

4

'deny to any person within its jurisdiction the equal protection of the laws,' which is essentially a direction that all persons similarly situated should be treated alike." City of Cleburne v. Cleburne Living Center, 473 U.S. 432, 439 (1985) (quoting Plyler v. Doe, 457 U.S. 202, 216 (1982). A plaintiff alleging denial of equal protection under section 1983, therefore, must prove purposeful discrimination by demonstrating that he "receiv[ed] different treatment from that received by others similarly situated," and that the treatment complained of was under color of state law. Van Pool v. City and County of San Francisco, 752 F. Supp. 915, 927 (N.D. Cal. 1990) (citations omitted).

Plaintiff's equal protection claim is deficient. Allegations that a prisoner is being treated differently from non-prisoners fail to state an equal protection claim as there is a "'fundamental difference between normal society and prison society,'" Glouser v. Parratt, 605 F.2d 419, 420 (8th Cir. 1979) (quoting Meyers v. Alldredge, 429 F.2d 296, 310 (3d Cir. 1974)), and "[r]ules designed to govern those functioning in a free society cannot be automatically applied to the very different situation presented in a state prison," id. (citations omitted). Simply stated, prisoners and non-prisoners are not similarly situated. Hrbek v. Nix, 787 F.2d 414, 417 (8th Cir. 1986). Accordingly, plaintiff's equal protection claim is dismissed with leave to amend, for her to allege, if she can, that she is being treated differently from similarly situated persons.

**3.   Appointment of Counsel**

The interests of justice warrant appointment of counsel to represent plaintiff. A district court has the discretion under 28 U.S.C. §1915(e)(1) to designate counsel to represent an indigent civil litigant in exceptional circumstances. See Wilborn v. Escalderon, 789 F.2d 1328, 1331 (9th Cir. 1986). This requires an evaluation of both the likelihood of success on the merits and the ability of the plaintiff to articulate her claims pro se in light of the complexity of the legal issues involved. See id. Neither of these factors is dispositive and both must be viewed together before deciding on a request for counsel under § 1915(e)(1).

The issue of whether a prison's refusal to provide SRS to treat a prisoner's GID constitutes deliberate indifference to serious medical needs in violation of the Eight Amendment has not been resolved by the United States Court of Appeals for the Ninth Circuit. A case that may answer that

question is now pending in the First Circuit: Kosilek v. Spencer, 740 F.3d 733 (9th Cir. 2014) (reh'g en banc granted).  The panel's decision in Kosilek upheld a district court order granting an injunction requiring the Massachusetts Department of Corrections to provide SRS.  However, the First Circuit withdrew the opinion and granted rehearing en banc on February 12, 2014.  In short, the action presents novel and complex legal issues.  Accordingly, given the exceptional character of this case, this matter will be referred to the Federal Pro Bono Project to find counsel for plaintiff.

## CONCLUSION

1. Plaintiff's equal protection claim and Eighth Amendment claim for deliberate indifference to serious medical needs are DISMISSED WITH LEAVE TO AMEND.

2. Plaintiff is REFERRED to the Federal Pro Bono Project in the manner set forth below:

   a. The Clerk shall forward to the Federal Pro Bono Project: (a) a copy of this order, (b) a copy of the docket sheet, and (c) a copy of the complaint (dkt. no. 1).

   b. Upon an attorney being located to represent plaintiff, that attorney shall be appointed as counsel for plaintiff in this matter until further order of the Court.

   c. All proceedings in this action are STAYED until an attorney is appointed to represent plaintiff.  Once such attorney is appointed, the Court will issue a schedule for the filing of the amended complaint.

**IT IS SO ORDERED.**

Dated: March 26, 2014

_____
JON S. TIGAR
United States District Judge