United States District Court
Northern District of California

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

JEFFREY B. NORSWORTHY, aka,
MICHELLE-LAEL B. NORSWORTHY,

Plaintiff,

v.

JEFFREY BEARD, et al.,

Defendants.

Case No. 14-cv-00345-JST (PR)

**ORDER OF DISMISSAL WITHOUT PREJUDICE**

## INTRODUCTION

On January 23, 2014, plaintiff, a California prisoner then incarcerated at the Correctional Training Facility ("CTF") and proceeding pro se, filed the above-titled civil rights action under 42 U.S.C. §1983.[1] She[2] seeks an injunction requiring the California Department of Corrections and Rehabilitation ("CDCR") to permit her a legal name change. Her complaint is now before the Court for review under 28 U.S.C. § 1915A.

## DISCUSSION

**1.     Standard of Review**

A federal court must engage in a preliminary screening of any case in which a prisoner seeks redress from a governmental entity or officer or employee of a governmental entity. See 28 U.S.C. § 1915A(a). In its review the court must identify any cognizable claims, and dismiss any

---

[1] Plaintiff currently is incarcerated at Mule Creek State Prison.

[2] According to the complaint, plaintiff is a pre-operation, transgender individual. Plaintiff refers to herself using female pronouns in her filings; therefore, the Court will do so in this Order.

1 claims which are frivolous, malicious, fail to state a claim upon which relief may be granted, or
2 seek monetary relief from a defendant who is immune from such relief. See id. at § 1915A(b).
3 Pro se pleadings must be liberally construed. See Balistreri v. Pacifica Police Dep't, 901 F.2d 696,
4 699 (9th Cir. 1990).

Federal Rule of Civil Procedure 8(a)(2) requires only "a short and plain statement of the claim showing that the pleader is entitled to relief." "Specific facts are not necessary; the statement need only "'give the defendant fair notice of what the . . . claim is and the grounds upon which it rests.'" Erickson v. Pardus, 127 S. Ct. 2197, 2200 (2007) (citations omitted). Although in order to state a claim a complaint "does not need detailed factual allegations, . . . a plaintiff's obligation to provide the grounds of his 'entitle[ment] to relief' requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do. . . . Factual allegations must be enough to raise a right to relief above the speculative level." Bell Atlantic Corp. v. Twombly, 127 S. Ct. 1955, 1964-65 (2007) (citations omitted). A complaint must proffer "enough facts to state a claim for relief that is plausible on its face." Id. at 1974.

To state a claim under 42 U.S.C. § 1983, a plaintiff must allege two elements: (1) that a right secured by the Constitution or laws of the United States was violated; and (2) that the violation was committed by a person acting under the color of state law. See West v. Atkins, 487 U.S. 42, 48 (1988).

**2.     Plaintiff's Allegations**

The following allegations are taken from the complaint. Plaintiff began serving a life sentence within the CDCR in 1987. In 1999, plaintiff was referred to the Department of Mental Health within the California Medical Facility. In January 2000, Ph.D. C.R. Viesti, a specialist in gender/sexual dysphorias and disorders, concluded that plaintiff is a transsexual suffering from severe Gender Identity Disorder ("GID").

Following the diagnosis, plaintiff started a feminizing endocrine therapy and psychotherapy. She has remained at pre-operation dosages and intensity over the last 14 years. She has also undergone castration and "has developed and evolved into an extremely feminized,

female, and womanly person in form and stature." (Compl. at 8.[3]) According to "several doctors," plaintiff "Presents-as-Female." (Id.)

Plaintiff has filed a separate action currently before this Court, seeking Sex Reassignment Surgery ("SRS"). (See Norsworthy v. Beard, Case No. C 14-00695 JST (PR). The Court recently appointed counsel in C 14-00695 JST (PR) and has issued a schedule for the filing of an amended complaint in that action.

In this action, plaintiff "is not seeking an order for SRS, but a legal name change prior to SRS." (Compl. at 9.) Plaintiff asserts that, according to the guidelines set by the World Professional Association for Transgender Health, Inc. ("WPATH"), name changes "are a very necessary component of the pre-surgical process; delay of document/name changes can have a deleterious impact on a patient's mental health and social integration." (Id.)

Plaintiff asserts that, pursuant to CDCR policy, a prisoner "can only change their name with the consent of a Warden, Parole Officer or the Secretary of the CDCR." (Compl. at 6.) "The request should be denied when there is reason to believe the name change request is for criminal/nefarious motives to conceal connection to past criminal history." (Id. (citing Cal. Code Regs. tit. 15, § 3294.5)) Plaintiff asserts she is not seeking a name change for criminal reasons. "Plaintiff is seeking a name change based on a state documented medical condition that defines her as a woman/biological female." (Compl. at 7.)

Plaintiff states she requested a legal name change "using proper CDCR procedure, and quoting CDCR policy." (Compl. at 6.) She "was denied at each level of administrative review." (Id.) Plaintiff names as defendants CDCR Secretary Jeffrey Beard, CTF Warden M.E. Spearman, CDCR Appeals Examiner D. Van Leer, and CDCR Appeals Chief J.D. Lozano.

**3.    Analysis**

The allegations fail to state a claim under § 1983. There is no federal subject matter jurisdiction to entertain a petition for change of name. Said requests are generally made to the state courts, which have either statutory or common law jurisdiction to entertain such requests.

---

[3] The page numbers used herein for this document refer to those affixed to the top of the page by the court's electronic filing program.

3

See Cal. Civ. Proc. Code §§ 1275-1279.5.  Even where a state confers a common law right to change one's name, prison officials may require an inmate to follow statutory procedure for changing one's name in order to have prison authorities recognize the new name and prevent "capricious, incessant, casual, sudden, harassing, on-the-spot name changes."  Azeez v. Fairman, 795 F.2d 1296, 1299 (7th Cir. 1986).

Plaintiff's allegations that defendants are violating CDCR policy, and thereby preventing her from petitioning for a legal name change in state court, do not alter the Court's analysis. Failing to follow internal procedures does not violate any constitutional right or other provision of federal law cited by plaintiff or known to the Court.  California prison policy is not federal law and no federal constitutional right or other federal law cited by plaintiff or known to the Court requires prison officials to entertain petitions for a name change.  If plaintiff believes that prison officials are not adhering to their own policies, her remedy is to seek enforcement of those policy in an administrative grievance; if these policies have the force of state law, then her remedy is in the state courts.

Plaintiff's reliance on the First Amendment and Equal Protection Clause of the Fourteenth Amendment is unavailing.  Because plaintiff is seeking a name change for personal rather than religious reasons, defendants' alleged actions do not implicate a First Amendment right.  See Wolfe v. Beard, 2010 WL 5173199, 5 (E.D. Pa.) (E.D.Pa., 2010) (holding First Amendment not implicated where prison officials refused to recognize prisoner's new name, which was changed for personal reasons); Ali v. Stickman, 206 Fed. Appx. 184 (3rd Cir. 2006) (holding prisoner's desire to use legally changed name did not implicate First Amendment where not adopted or used for religious purposes); Spies v. Voinovich, 173 F.3d 398, 406 (6th Cir. 1999) (finding no First Amendment right to have prison records reflect legally changed name).

Plaintiff also asserts an Equal Protection violation as follows: "The 14th Amendment, promises equality and equal protection for all U.S. citizens, including the incarcerated."  (Compl. at. 12.)  "The Equal Protection Clause of the Fourteenth Amendment commands that no State shall 'deny to any person within its jurisdiction the equal protection of the laws,' which is essentially a direction that all persons similarly situated should be treated alike."  City of Cleburne v. Cleburne

4

1   Living Center, 473 U.S. 432, 439 (1985) (quoting Plyler v. Doe, 457 U.S. 202, 216 (1982).  A
2   plaintiff alleging denial of equal protection under § 1983, therefore, must prove purposeful
3   discrimination by demonstrating that he "receiv[ed] different treatment from that received by
4   others similarly situated," and that the treatment complained of was under color of state law.  Van
5   Pool v. City and County of San Francisco, 752 F. Supp. 915, 927 (N.D. Cal. 1990) (citations
6   omitted).

7   Plaintiff's equal protection claim is based on the premise that incarcerated U.S. citizens are
8   denied the same name change rights as non-incarcerated citizens.  The claim is fatally flawed.
9   Allegations that a prisoner is being treated differently from non-prisoners fail to state an equal
10  protection claim as there is a "'fundamental difference between normal society and prison
11  society,"'  Glouser v. Parratt, 605 F.2d 419, 420 (8th Cir. 1979) (quoting Meyers v. Alldredge, 429
12  F.2d 296, 310 (3d Cir. 1974)), and "[r]ules designed to govern those functioning in a free society
13  cannot be automatically applied to the very different situation presented in a state prison," id.
14  (citations omitted).  Simply stated, prisoners and non-prisoners are not similarly situated.  Hrbek
15  v. Nix, 787 F.2d 414, 417 (8th Cir. 1986).

## CONCLUSION

17  For the foregoing reasons, the complaint is DISMISSED.  The dismissal is without
18  prejudice to plaintiff re-asserting the claims brought herein in her amended complaint in her now
19  pending SRS action (C 14-00695 JST (PR)) if she can, in good faith, remedy the deficiencies
20  discussed above.  It appears that the name change claims and SRS claims are sufficiently related
21  that they should be decided in the same action, see Fed. R. Civ. P. 18(a), 20(a)(2), so long as
22  plaintiff can establish that the Court has subject matter jurisdiction.

23  If plaintiff no longer wishes to pursue the name change claims in this Court, she may
24  simply omit them from the amended complaint in C 14-00695 JST (PR).  If counsel in C 14-00695
25  JST (PR) determines that the name change claims and SRS claims should or must be maintained
26  in separate actions, counsel shall so inform the Court prior to filing the amended complaint in C
27  14-00695 JST (PR).

28  Nothing in this order precludes plaintiff from filing an action in state court to petition for a

1 name change and/or assert any state law claims she may have.  Further, nothing in this order

2 precludes plaintiff from seeking a name change by petitioning the warden at her current place of

3 confinement.

4 The Clerk is instructed to file a copy of this order in C 14-00695 JST (PR).

5 The Clerk shall close the file.

6 **IT IS SO ORDERED.**

7 Dated:  April 15, 2014



JON S. TIGAR
United States District Judge

United States District Court
Northern District of California

6