1

2

3

4                   UNITED STATES DISTRICT COURT

5                 NORTHERN DISTRICT OF CALIFORNIA

6

7   MICHELLE-LAEL B. NORSWORTHY,          Case No.  14-cv-00695-JST

        Plaintiff,

8

        v.                                **ORDER DENYING MOTION TO STAY**
9                                          **ORDER GRANTING PRELIMINARY**
                                           **INJUNCTION**
    JEFFREY BEARD, et al.,
10
                                           Re: ECF No. 99
        Defendants.
11

12          Before the Court is a Motion to Stay Order Granting Preliminary Injunction filed by

13   Defendants J. Beard, M. Spearman, R. Coffin, J. Lozano, A. Adams, A. Newton, D. Van Leer, and

14   L. Zamora.  ECF No. 99.  For the reasons set forth below, the Court will deny the motion.

15   **I.      BACKGROUND**

16          In this action under 42 U.S.C. § 1983, Plaintiff Michelle-Lael B. Norsworthy, a California

17   Department of Corrections and Rehabilitation ("CDCR") inmate, seeks injunctive relief based on

18   Defendants' failure to (1) provide her with medically necessary sex reassignment surgery ("SRS")

19   and (2) allow her to pursue a legal name change.  First Amended Complaint, ECF No. 10 ¶ 1.

20          On April 2, 2015, the Court granted Norsworthy's motion for a preliminary injunction and

21   ordered Defendants to provide Plaintiff with access to adequate medical care, including SRS.

22   Order Granting Motion for Preliminary Injunction, Granting Request for Judicial Notice, and

23   Denying Motion to Strike ("Order"), ECF No. 94 at 38.  The Court concluded that Norsworthy has

24   shown that she is likely to succeed on the merits of her deliberate medical indifference claim, that

25   she is likely to suffer irreparable harm in the absence of preliminary relief, that the balance of

26   hardships tips in her favor, and that an injunction is in the public interest.  Id. at 34, 37; see Winter

27   v. Natural Res. Def. Council, Inc., 555 U.S. 7, 20 (2008).  The Court ordered Defendants to take

28   all of the actions reasonably necessary to provide Norsworthy SRS as promptly as possible.

Order at 38.

On April 10, 2015, Defendants filed the instant motion to stay the Court's order pending review by the Ninth Circuit.  ECF No. 99.  Plaintiff opposes the motion.  ECF No. 115.

## II.     LEGAL STANDARD

Federal Rule of Civil Procedure 62(c) authorizes the Court to suspend an order granting an injunction pending appeal.  A stay is "an exercise of judicial discretion, and the propriety of its issue is dependent upon the circumstances of the particular case.  The party requesting a stay bears the burden of showing that the circumstances justify an exercise of that discretion."  Nken v. Holder, 556 U.S. 418, 433-34 (2009) (internal alterations, citations, and quotation marks omitted).  A stay "is not a matter of right, even if irreparable injury might otherwise result to the appellant."  Id. at 427.

"The standard for determining whether to grant a stay pending appeal is similar to the standard for issuing a preliminary injunction."  Apple, Inc. v. Samsung Elecs. Co., Ltd., No. 12-cv-00630-LHK, 2012 WL 2576136, at *1 (N.D. Cal. July 3, 2012) (citing Tribal Vill. of Akutan v. Hodel, 859 F.2d 662, 663 (9th Cir. 1988); Winter, 555 U.S. at 20).  In making this determination, a court balances four factors: (1) whether the movant has made a strong showing that it is likely to succeed on the merits; (2) whether the movant will be irreparably injured absent a stay; (3) whether a stay will substantially injure the other parties interested in the proceeding; and (4) where the public interest lies.  Nken, 556 U.S. at 434; see also Leiva-Perez v. Holder, 640 F.3d 962, 964-66 (9th Cir. 2011).  The standard for granting a stay is a continuum.  "[I]f there is a 'probability' or 'strong likelihood' of success on the merits, a relatively low standard of hardship is sufficient," but "if the balance of hardships tips sharply in . . . favor' of the party seeking the stay, a relatively low standard of likelihood of success on the merits is sufficient."  Golden Gate Restaurant Ass'n v. City and County of San Francisco, 512 F.3d 1112, 1119 (9th Cir. 2008) (quoting Lopez v. Heckler, 713 F.2d 1432, 1435 (9th Cir. 1983)); see also Leiva-Perez, 640 F.3d at 965-67, 970.  The first two factors "are the most critical."  Nken, 556 U.S. at 434.

United States District Court
Northern District of California

III.    DISCUSSION

A.    Likelihood of Success on the Merits

Courts use different formulations to describe the first Nken factor, including "reasonable probability," "fair prospect," "substantial case on the merits," and "serious legal questions . . . raised." Lair v. Bullock, 697 F.3d 1200, 1204 (9th Cir. 2012). These formulations "are largely interchangeable," and "indicate that, 'at a minimum,' a petitioner must show that there is a 'substantial case for relief on the merits.'" Id. (quoting Leiva-Perez, 640 F.3d at 968). "The standard does not require the petitioners to show that 'it is more likely than not that they will win on the merits.'" Id. (quoting Leiva-Perez, 640 F.3d at 966).

Defendants argue that they meet this prong for two reasons. First, Defendants contend that their appeal of this Court's order granting a preliminary injunction implicates a serious legal question of first impression in the Ninth Circuit: "whether a treatment plan involving hormone therapy, counseling, and other non-surgical treatments for gender dysphoria meets the constitutional minimum in cases where, as here, it purportedly fails to alleviate the inmate's mental distress." ECF No. 99 at 4. Second, Defendants contend that they are likely to succeed on the merits because a mandatory injunction requiring them to provide surgery to Norsworthy should not have issued. Id. at 4-5.

The Court agrees that Defendants' appeal raises a "serious legal question" that satisfies that formulation of the likelihood of success prong of the stay analysis. See United States v. 2366 San Pablo Ave., No. 13-cv-02027-JST, 2015 WL 525711, at *2 (N.D. Cal. Feb. 6, 2015). Plaintiff argues that the Court's decision to grant a preliminary injunction is based on well-established legal principles, and that Defendants' motion merely asserts that the Court misapplied the facts in this case to those legal standards. ECF No. 115 at 5. But Defendants' argument that CDCR need not provide SRS to patients with gender dysphoria, even where other treatment options fail to alleviate an inmate's suffering, suggests a distinct standard for the treatment of gender dysphoria, and has not yet been addressed by the Ninth Circuit.[1]

_____

[1] Plaintiff's argument that the First Circuit has rejected any bright line rule denying SRS to inmates who receive counseling and hormone therapy simply underscores the fact that the

United States District Court
Northern District of California

1        Defendants have not, however, established that they are likely to succeed on the merits of

2   their appeal.  In granting a mandatory preliminary injunction requiring surgery, this Court

3   recognized that mandatory injunctions are "particularly disfavored," and "are not granted unless

4   extreme or very serious damage will result and are not issued in doubtful cases."  Order at 24

5   (quoting Marlyn Nutraceuticals, Inc. v. Mucos Pharma GmbH & Co., 571 F.3d 873, 879 (9th Cir.

6   2009)).  The Court granted the preliminary injunction only after concluding that Norsworthy was

7   likely to succeed on the merits of her deliberate indifference claim, Order at 34 ("This is not a

8   doubtful case" (quotation marks and alterations omitted)); and that she is suffering serious

9   psychological and emotional harm, id. at 25, 28, 34-36.

10        Defendants argue that Norsworthy has received sufficient treatment for her gender

11   dysphoria, relying on the opinions of Dr. Coffin and Dr. Levine; that Dr. Reese's opinions are

12   unsupported; that Norsworthy has failed to demonstrate that her condition has worsened such that

13   she requires SRS immediately; and that Norsworthy's difference of opinion with prison medical

14   staff does not give rise to a Section 1983 claim.  ECF No. 99 at 5-8.  The Court already considered

15   these arguments in deciding Plaintiff's motion for a preliminary injunction, and reached a

16   reasoned conclusion rejecting them.  See Order at 25-34.  As explained in the Court's April 2,

17   2015, order, it is Norsworthy, and not Defendants, who has established that she is likely to prevail

18   on the merits.

19       **B.**      **Irreparable Injury to the Moving Party**

20        Defendants argue that they will suffer irreparable harm absent a stay because the Court's

21   order forces CDCR to perform "a procedure that is wholly undefined in the order and that several

22   doctors have specifically advised against;" and because it could require CDCR to perform any

23   number of procedures on any transgender inmate who has undergone twelve months of hormone

24   therapy and asserts that the procedure is necessary to alleviate his or her gender dysphoria,

25   notwithstanding CDCR's safety and security concerns.  ECF No. 99 at 8-9.  These arguments are

26

27   question has not been resolved in our circuit.  See Kosilek v. Spencer, 774 F.3d 63, 91 (1st Cir.

28   2014) (en banc) ("[A]ny such [blanket] policy would conflict with the requirement that medical
   care be individualized based on a particular prisoner's serious medical needs.").

United States District Court
Northern District of California

unpersuasive.

First, Defendants have repeatedly used the term SRS in their briefing, declarations, and oral presentations to the Court without raising any argument about its ambiguity. Their argument that "sex reassignment surgery" is ambiguous will not be considered for the first time here. Cf. Kona Enters., Inc. v. Estate of Bishop, 229 F.3d 877, 890 (9th Cir. 2000) (a motion for reconsideration may not be used to raise arguments for the first time when they could reasonably have been raised earlier in the litigation); In re Am. W. Airlines, Inc., 217 F.3d 1161, 1165 (9th Cir. 2000) (absent exceptional circumstances, the Court of Appeals generally will not consider arguments raised for the first time on appeal). To the extent that Defendants find the Court's order unclear, they may file a motion for clarification.

Second, the Court has already found the opinions of Dr. Coffin and Dr. Levine, who concluded that SRS is not medically necessary for Norsworthy, to be unreliable and convincingly refuted by Plaintiff's experts. Order at 28-30, 31-32, 37. The Court has also weighed Defendants' safety and security concerns, noting that CDCR has relevant experience housing inmates who require surgery, one post-operative male-to-female transsexual inmate, and female inmates with a history of violence against women. Order at 36-37.

Third, the Court explicitly granted a preliminary injunction only as to Plaintiff Michelle Norsworthy. See, e.g., Order at 25 ("She has presented extensive and consistent evidence that, notwithstanding years of treatment in the form of hormone therapy and counseling, she continues to experience severe symptoms of gender dysphoria."); 30 ("Norsworthy is also likely to succeed in establishing that prison officials were deliberately indifferent to her serious medical need."); 34 ("The weight of the evidence demonstrates that for Norsworthy, the only adequate medical treatment for her gender dysphoria is SRS, that the decision not to address her persistent symptoms was medically unacceptable under the circumstances, and that CDCR denied her the necessary treatment for reasons unrelated to her medical need."); 38 ("Defendants are ordered to provide Plaintiff with access to adequate medical care, including sex reassignment surgery."). The order cannot reasonably be read to require CDCR to perform any surgical procedures, undefined or otherwise, on any other inmate.

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

United States District Court
Northern District of California

Defendants also assert that they will be injured absent a stay because the Court has effectively disposed of the entire case without a final judgment of liability and because the injunction potentially deprives Defendants of appellate review.  ECF No. 99 at 9.  As noted in the April 2, 2015, order, the Court takes this concern seriously, and weighed it in considering whether to grant a preliminary injunction.  Order at 37 (concluding that the balance of hardships tips heavily in Norsworthy's favor).  Furthermore, the Court notes that denial of the requested stay as to Norsworthy will not deprive Defendants of the opportunity to present their arguments concerning constitutionally adequate care for patients with gender dysphoria to the Ninth Circuit, because Norsworthy is not the only CDCR inmate seeking SRS.  See, e.g., Quine v. Beard, No. 14-cv-02726-JST (N.D. Cal. filed June 12, 2014); Rosati v. Igbinoso, No. 13-15984 (9th Cir. filed Mar. 16, 2013).

        C.      **Substantial Injury to Other Parties**

        The Court rejects any suggestion that Norsworthy "will not suffer any substantial injury if the order is stayed" and that "[t]here is no evidence that Norsworthy is in serious, immediate physical or emotional danger."  ECF No. 99 at 9-10.  To the contrary, the Court's order granting an injunction was explicitly based on the finding that Norsworthy is likely to succeed on the merits and that she is suffering from irreparable injury as a result of the deprivation of her Eighth Amendment rights.  Order at 37.  As explained in the order, Norsworthy has shown that she suffers continuing psychological and emotional pain as a result of her gender dysphoria and that she is at risk of significant worsening of her condition in the event that her hormone therapy must again be modified or discontinued because of liver complications.  Order at 34-35; see also Fyock v. City of Sunnyvale, 25 F. Supp. 3d 1267, 1282 (N.D. Cal. 2014) ("Irreparable harm is presumed if plaintiffs are likely to succeed on the merits because a deprivation of constitutional rights always constitutes irreparable harm.").  Plaintiff also presented evidence that she is at risk of renewed suicide attempts because of her past attempts and family history.  See Order at 13 (citing ECF No. 63 ¶¶ 55, 63, 83-84). The Court concludes that a stay of the order granting a preliminary injunction would result in substantial injury to Norsworthy.

United States District Court
Northern District of California

### D.     The Public Interest

Defendants argue that the public interest favors a stay because: (1) "[t]he public has a strong interest in having this case resolved on the merits, rather than having a decision issued on an incomplete record and misapplication of the law;" (2) having federal courts make ad hoc decisions concerning the treatment of single prisoners undermines the public's interest in penological order; and (3) the Court's order takes no account of relevant administrative and security issues.  ECF No. 99 at 10-11.

The Court has concluded that an injunction is in the public interest, as it "is always in the public interest to prevent the violation of a party's constitutional rights" and the "public has a strong interest in the provision of constitutionally-adequate health care to prisoners."  Order at 37 (quoting Melendres v. Arpaio, 695 F.3d 990, 1002 (9th Cir. 2012); McNearney v. Wash. Dep't of Corr., No. 11-cv-5930-RBL/KLS, 2012 WL 3545267, at *16 (W.D. Wash. June 15, 2012)).  The injunction does not inappropriately inject the federal courts into treatment decisions − it is based on this Court's conclusion that Norsworthy is likely to establish that Defendants have violated the Eighth Amendment's prohibition on cruel and unusual punishment by disregarding her health care provider's recommendations for administrative, rather than medical, reasons.  See Estelle v. Gamble, 429 U.S. 97, 104 (1976).[2]  And, as discussed above, the Court has considered and weighed Defendants' safety and security concerns.  Order at 36-37.

Defendants' argument that the Court reached its conclusion on an inadequate record is not supported by the facts.  As Plaintiff explains, the parties engaged in extensive discovery, including the production of thousands of documents and the taking of seven depositions, before the preliminary injunction hearing, and stipulated to one continuance of the hearing in order to allow for additional discovery.  ECF No. 48.  Defendants did not seek any further extension of discovery

---

[2] The cases Defendants cite in support of this argument do not involve deliberate medical indifference claims.  See Kelly v. Merrill, No. 14-cv-2322, 2014 WL 7740025 (M.D. Pa. Dec. 11, 2014) (involving inmate discipline, denial of parole, access to legal resources, mail service, and alleged verbal harassment and intimidation); Wylie v. Mont. Women's Prison, No. 13-cv-53-BLG-SEH, 2014 WL 6685983 (D. Mont. Nov. 25, 2014) (involving a request that the Court order a prison to return property, allow plaintiff an alternate means to retain legal work, and replace lost or destroyed documents).

for the purpose of deposing the parties' experts or Dr. Reese, and explicitly opposed any additional continuances of the hearing.  ECF No. 71 at 119.  And although the Court invited the parties to request an evidentiary hearing if necessary, ECF Nos. 33, 48, Defendants did not seek such a hearing.  Defendants cannot now be heard to complain that the record is inadequate.

In summary, the Court concludes that Defendants have not shown that they are likely to succeed on the merits of their appeal, but agrees that the appeal of the Court's order granting a preliminary injunction does raise a serious legal question.  Further, Defendants have shown that they may suffer irreparable injury if the stay is denied to the extent they argue that denial of a stay potentially deprives them of appellate review.  On the other hand, the Court concludes that Norsworthy has established that she is likely to prevail on the merits of her deliberate indifference claim, and that she is suffering from irreparable injury as a result of the deprivation of her Eighth Amendment rights.  Consequently, the balance of hardships tips heavily in her favor.  Finally, the public interest weighs against a stay.  Balancing these factors, the Court concludes that the motion for a stay must be denied.  See Leiva-Perez, 640 F. 3d at 970 ("a petitioner seeking a stay of removal must show that irreparable harm is probable and either: (a) a strong likelihood of success on the merits and that the public interest does not weigh heavily against a stay; or (b) a substantial case on the merits and that the balance of hardships tips sharply in the petitioner's favor.").

## IV.    CONCLUSION

For the foregoing reasons, the motion to stay is denied.  In light of this Court's denial of the motion, Defendants may move for a stay in the court of appeals pursuant to Federal Rule of Appellate Procedure 8(a)(2).

IT IS SO ORDERED.

Dated:  April 27, 2015

_____
JON S. TIGAR
United States District Judge