**FOR PUBLICATION**

# UNITED STATES COURT OF APPEALS
# FOR THE NINTH CIRCUIT

| | |
|---|---|
| MICHELLE-LAEL B. NORSWORTHY, *Plaintiff-Appellee*, v. JEFFREY BEARD, CDCR Secretary; M. E. SPEARMAN, CTF Warden; RAYMOND J. COFFIN; JARED LOZANO; A. ADAMS, Chief Medical Executive of CTF, Soledad, CA; A. NEWTON; DAVID VAN LEER; L. D. ZAMORA, CDCR Appeals Chief, Sacramento, CA, *Defendants-Appellants*. | No. 15-15712 D.C. No. 3:14-cv-00695-JST OPINION |

Appeal from the United States District Court
for the Northern District of California
Jon S. Tigar, District Judge, Presiding

Submitted August 13, 2015*
San Francisco, California

Filed October 5, 2015

---

* The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R. App. P. 34(a)(2).

Before: Stephen Reinhardt, A. Wallace Tashima,
and Consuelo M. Callahan, Circuit Judges.

Per Curiam Opinion;
Partial Concurrence and Partial Dissent by Judge Callahan

## SUMMARY**

### Prisoner Civil Rights

The panel dismissed as moot an appeal from the district court's issuance of a preliminary injunction ordering the California Department of Corrections and Rehabilitation to provide plaintiff, a transgendered woman, with sex reassignment surgery, and remanded with directions.

While the appeal was pending—one day prior to oral argument—plaintiff was released on parole from the California prison system. Because plaintiff did not seriously dispute that the case became moot upon her release, the panel dismissed the appeal. The panel remanded to the district court so that it could determine whether the appeal became moot through happenstance or the defendants' own actions. The panel stated that if the latter was the case, the district court should consider the factors under *Ringsby Truck Lines, Inc. v. Western Conference of Teamsters*, 686 F.2d 720, 722 (9th Cir. 1982), to determine whether to vacate its preliminary injunction order. The panel also remanded for

---

** This summary constitutes no part of the opinion of the court. It has been prepared by court staff for the convenience of the reader.

NORSWORTHY V. BEARD 3

the district court to consider the question of the award of attorneys' fees.

Concurring in the dismissal and dissenting from the remand, Judge Callahan stated that in addition to dismissing the appeal, the panel should vacate the mandatory preliminary injunction ordering the California Department of Corrections to provide plaintiff with sex reassignment surgery.

**COUNSEL**

Jose A. Zelidon-Zepeda, Deputy Attorney General; Thomas S. Patterson; Supervising Deputy Attorney General; Jonathan L. Wolff, Senior Assistant Attorney General; Kamala D. Harris, Attorney General of California, San Francisco, California, for Defendants-Appellants.

Herman J. Hoying and Christopher J. Banks, Morgan Lewis & Bockius LLP, San Francisco, California; Ilona M. Turner, Jennifer Orthwein, and Shawn T. Meerkamper, Transgender Law Center, Oakland, California, for Plaintiff-Appellee.

Paul R.Q. Wolfson and Thomas C. Kost, Wilmer Cutler Pickering Hale and Dorr LLP, Washington, D.C.; Alan E. Schoenfeld and Adriel I. Cepeda Derieux, Wilmer Cutler Pickering Hale and Dorr LLP, New York, New York; Felicia H. Ellsworth, Wilmer Cutler Pickering Hale and Dorr LLP, Boston, Massachusetts, for Amici Curiae American Civil Liberties Union et al.

Sanford Jay Rosen and Aaron J. Fischer, Rosen Bien Galvan & Grunfeld LLP, San Francisco, California, for Amici Curiae Bay Area Lawyers for Individual Freedom.

Barry Levenstam, Jenner & Block LLP, Chicago, Illinois; Lisa J. Kohn, Jenner & Block LLP, Los Angeles, California; Devi M. Rao, Jenner & Block LLP, Washington, D.C., for Amici Curiae Medical and Mental Health Professionals: World Professional Association for Transgender Health and GLMA: Health Professionals Advancing LGBT Equality.

**OPINION**

PER CURIAM:

Plaintiff Michelle Norsworthy, a transgendered woman, has been incarcerated in the California prison system since 1987. In 2000, she was diagnosed with gender dysphoria and, several years thereafter, petitioned the California Department of Corrections and Rehabilitation ("CDCR") for sex reassignment surgery, a procedure that would transform her sex characteristics from male to female. After CDCR denied the petition, Norsworthy sued, alleging that the denial amounted to cruel and unusual punishment under the Eighth Amendment. The district court issued a preliminary injunction ordering the defendants to provide Norsworthy with sex reassignment surgery. CDCR appealed under 28 U.S.C. § 1292(a)(1). This court stayed the preliminary injunction pending appeal.

While this appeal was pending—one day prior to oral argument—Norsworthy was released on parole from the California prison system. The defendants contend that the case became moot once CDCR released Norsworthy. We agree. "An inmate's release from prison while his claims are pending generally will moot any claims for injunctive relief relating to the prison's policies unless the suit has been

NORSWORTHY V. BEARD  5

classified as a class action." *Dilley v. Gunn*, 64 F.3d 1365, 1368 (9th Cir. 1995). Norsworthy does not seriously dispute that the case became moot upon her release.

Here, the district court entered a mandatory injunction requiring CDCR to perform sex reassignment surgery. Although automatic vacatur is "the 'established practice' . . . whenever mootness prevents appellate review," an exception to this practice exists when a case is mooted "not due to 'happenstance' but 'when the appellant has by his own act caused the dismissal of the appeal.'" *Dilley*, 64 F.3d at 1369–70 (quoting *Ringsby Truck Lines, Inc. v. Western Conference of Teamsters*, 686 F.2d 720, 722 (9th Cir.1982)). Defendants argue that vacatur is appropriate as to the entirety of the district court's determination because an "independent parole suitability review process" mooted the case. Where "the facts surrounding" a prisoner's release "are not sufficiently developed in the record . . . to determine" whether the release occurred through happenstance or the defendants' actions, the appropriate course is to remand to the district court to determine whether to vacate its order. *Id.* at 1371. We therefore remand to the district court so that it can determine whether this appeal became moot through happenstance or the defendants' own actions.[1] If the latter

---

[1] The dissent charges that our decision to remand because it is unclear whether defendants' actions mooted the case "approaches sophistry." Our precedent, however, requires that we remand in such circumstances. *See Dilley*, 64 F.3d at 1371. Moreover, although our dissenting colleague may be willing to accept the defendants' assertions regarding the independence of the parole review process, we are not so convinced. Before Norsworthy filed this suit, a panel of the parole board had on several prior occasions denied her parole. It last did so in March 2013 for a three-year term, meaning that Norsworthy's next parole hearing should in the ordinary course have come in March 2016. Four months after Norsworthy filed

is the case, the district court should consider the factors under *Ringsby* to determine whether to vacate its preliminary injunction order.

---

this suit in February 2014, however, the parole board decided to advance the date of her next parole hearing. That hearing was then delayed and, in the meantime, the district court granted the motion for a preliminary injunction in April 2015. A little over a month later, Norsworthy finally had a parole hearing, at which point a parole board panel approved her application.

By statute, both the full parole review board and governor can review a panel decision within a certain time. *See* Cal. Penal Code §§ 3041, 3041.2. Here, if both the full parole board and governor had let these statutory periods lapse without action, the parole determination would have become final on October 18, 2015. As it happened, this court asked the parties on July 20 to provide an update regarding Norsworthy's parole and address whether the parole board panel's decision mooted the case. In their response, defendants informed us for the first time that the full parole board had at some point approved the panel's decision and that defendants "anticipate[d]" a final decision from the governor by August 7 that, if favorable to Norsworthy, would insure that she would "be released from prison in August." The governor did indeed approve Norsworthy's parole on August 7. Nevertheless, Norsworthy argued that oral argument should proceed as scheduled on August 13 because CDCR planned to release her on August 14, meaning that she would still be incarcerated on the date of oral argument. Defendants reply—filed on August 12, the eve of oral argument—informed us that Norsworthy had in fact been released that very morning. The reply did not divulge why Norsworthy's release date had changed.

Far from "sophistry," these coincidences indicate that there is at least some chance that defendants influenced the parole process. At this point, however, all we can say is that the circumstances of Norsworthy's release are somewhat unusual. Because we can say no more, we are unwilling to express a view of what happened without full knowledge of all the facts that the district court should consider in the first instance.

Accordingly, this appeal is dismissed as moot, and we remand this case to the district court so that it can determine whether to vacate its preliminary injunction order, as well as to consider the question of the award of attorneys' fees.

**DISMISSED and REMANDED with directions.**

CALLAHAN, Circuit Judge, concurring in the dismissal and dissenting from the remand:

Everyone agrees that this appeal is moot. Ms. Norsworthy has been released from custody by the California Department of Corrections and Rehabilitation ("CDCR"). Accordingly, in addition to dismissing this appeal we should vacate the mandatory preliminary injunction ordering CDCR to provide Ms. Norsworthy with sex reassignment surgery.

The majority's remand is based on legal error and unnecessarily prolongs this litigation. The majority admits that vacatur is appropriate unless "the appellant has by his own act caused the dismissal of the appeal." *Dilley v. Gunn*, 64 F.3d 1365, 1369–70 (9th Cir. 1995). The majority does not say that this has happened; it only protests that the facts surrounding Ms. Norsworthy's release "are not sufficiently developed."

This approaches sophistry. The process by which the Parole Board determined that Ms. Norsworthy's confinement was no longer required and the Governor's review of that decision are set forth fully in the documents that have been submitted to the Court. There is no real doubt that the Parole

Board and the Governor are not subject to or responsible to the CDCR.[1]

Moreover, the remand simply encourages unnecessary litigation over a mandatory preliminary injunction that everyone agrees is moot. In contrast, the vacatur of the injunction would have no effect on Ms. Norsworthy's assertion that she remains entitled to attorney's fees.

The mandatory preliminary injunction should be vacated.

---

[1] Accepting the majority's characterization of the facts concerning Ms. Norsworthy's release, it only shows influence and not that "the appellant has by his own act caused the dismissal of the appeal." *Dilley*, 64 F.3d at 1369–70 (quoting *Ringsby Truck Lines v. Western Conference of Teamsters*, 686 F.2d 720, 722 (9th Cir. 1982)).