| | |
|---|---|
| KAMALA D. HARRIS<br>Attorney General of California<br>JAY C. RUSSELL<br>Supervising Deputy Attorney General<br>PREETI K. BAJWA<br>Deputy Attorney General<br>State Bar No. 232484<br>  455 Golden Gate Avenue, Suite 11000<br>  San Francisco, CA 94102-7004<br>  Telephone: (415) 703-1621<br>  Fax: (415) 703-5843<br>  E-mail: Preeti.Bajwa@doj.ca.gov<br>*Attorneys for Defendants*<br>*J. Beard, M. Spearman, R. Coffin, J. Lozano, A. Adams, A. Newton, D. Van Leer and L. Zamora* | HERMAN J. HOYING, Bar No. 257495<br>AD ASTRA LAW GROUP, LLP<br>582 Market Street, Suite 1015<br>San Francisco, California 94104<br>Tel: 415.795.3579<br>Fax: 415.276.1976<br>hhyoing@astralegal.com<br><br>CHRISTOPHER J. BANKS, Bar No. 218779<br>MORGAN, LEWIS & BOCKIUS LLP<br>One Market, Spear Street Tower<br>San Francisco, California 94105-1126<br>Telephone: (415) 442-1000<br>Fax: (415) 442-1001<br>cbanks@morganlewis.com<br><br>ILONA M. TURNER, Bar No. 256219<br>JENNIFER ORTHWEIN, Bar No. 255196<br>TRANSGENDER LAW CENTER<br>1629 Telegraph Ave., Suite 400<br>Oakland, California 94612<br>Telephone: (415) 865-0176<br>Fax: (877) 847-1278<br>ilona@transgenderlawcenter.org<br>jen@transgenderlawcenter.org<br><br>*Attorneys for Plaintiff*<br>*Michelle Lael-B. Norsworthy* |

IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

SAN FRANCISCO

| | |
|---|---|
| **MICHELLE-LAEL B. NORSWORTHY,**<br><br>        Plaintiff,<br><br>        v.<br><br>**JEFFREY BEARD, et al.,**<br><br>        Defendants. | C 14-00695 JST (PR)<br><br>**JOINT CASE MANAGEMENT STATEMENT**<br><br>Date: December 2, 2015<br>Time: 9:30 a.m.<br>Courtroom: 4, 19th Floor<br>Judge: The Honorable Jon S. Tigar<br>Trial Date: N/A<br>Action Filed: February 14, 2014 |

Plaintiff Michelle-Lael B. Norsworthy and Defendants J. Beard, M. Spearman, R. Coffin, J. Lozano, A. Adams, A. Newton, D. Van Leer and L. Zamora (collectively with Plaintiff, the "Parties"), submit this Joint Case Management Statement pursuant to this Court's November 3, 2015 Order Advancing Case Management Conference. (ECF No. 133.)

## I. PROCEDURAL POSTURE

Plaintiff initiated this lawsuit on February 14, 2014. On July 2, 2014, Plaintiff filed her First Amended Complaint alleging violations of her rights under the Eighth and Fourteenth Amendments to the U.S. Constitution based upon Defendants' alleged failure to provide her access to adequate medical care for her gender dysphoria, including sex reassignment surgery, and access to a legal name change. (Dkt. No. 10.) On February 26, 2015, Plaintiff moved for a preliminary injunction on her claims seeking access to adequate medical care, including sex reassignment surgery. (Dkt. No. 62.) On April 2, 2015, the Court granted Plaintiff's motion for preliminary injunction and ordered Defendants to provide Plaintiff with adequate medical care, including sex reassignment surgery, "as promptly as possible." (Dkt. No. 94 at 38.) On April 10, 2015, Defendants filed a Notice of Appeal of this Court's order granting preliminary injunction. (Dkt. No. 98.) On May 21, 2015, the Ninth Circuit granted Defendants' motion to stay this Court's order granting preliminary injunction pending resolution of their appeal and set the appeal for hearing during the week of August 10, 2015. (Dkt. No. 124.) On August 12, 2015, the Ninth Circuit vacated the oral argument set for August 13, 2015, upon being informed by Defendants that Plaintiff was released from prison on parole. (Dkt. No. 126.)

On October 5, 2015, the Ninth Circuit issued its decision on Defendants' appeal, dismissing the appeal as moot because Plaintiff was released from prison on parole the day prior to the oral argument on Defendants' appeal and remanding to this Court "so that it can determine whether to vacate its preliminary injunction order, as well as to consider the question of the award of attorneys' fees." (Dkt. No. 128.)

///

///

///

- 1 -

Joint Case Mgmt. Stmt (C 14-00695 JST (PR))

## II. PLAINTIFF'S POSITION

Three issues remain before this Court: (i) whether the Court's April 2, 2015 Order granting Plaintiff injunctive relief should be vacated; (ii) resolution of Plaintiff's claim seeking access to a legal name change; and (iii) Plaintiff's entitlement to attorneys' fees.

### A. <u>Vacatur</u>

As the Ninth Circuit explained: "Although automatic vacatur is 'the 'established practice' … whenever mootness prevents appellate review,' an exception to this practice exists when a case is mooted 'not due to 'happenstance' but 'when the appellant has by his own act caused the dismissal of the appeal.'" (Dkt. No. 128 at 5 (quoting *Dilley v. Gunn*, 64 F.3d 1365, 1369-70 (9th Cir. 1995)(internal quotation omitted).) The Ninth Circuit remanded to this Court because the facts surrounding Plaintiff's release on parole have not been sufficiently developed to determine whether Plaintiff's "release occurred through happenstance or the defendants' actions." (*Id.*) Notably, the Ninth Circuit refused "to accept the defendants' assertions regarding the independence of the parole review process" particularly given "that the circumstances of [Plaintiff's] release are somewhat unusual." (*Id.* at 5-6, n.1.) The Ninth Circuit noted that the determination should be made by the district court upon "**full knowledge of all the facts**." (*Id.* (emphasis added).)

There are at least four decision points that contributed to Defendants' appeal being mooted prior to resolution by the Ninth Circuit: (i) the decision to advance Plaintiff's parole hearing, which was made four months after Plaintiff filed this lawsuit; (ii) the decisions to delay Plaintiff's parole hearing on several occasions until it was finally held and her application approved a little over a month after this Court granted injunctive relief; (iii) the decisions of the full parole board and governor not to utilize the full statutory period to consider the parole determination; and (iv) the decision to accelerate Plaintiff's originally scheduled release date so that she would be released the day prior to the Ninth Circuit's scheduled oral arguments. (*See generally id.* at 5-6, n.1.) Plaintiff intends to serve Defendants with requests for production, interrogatories and deposition notices regarding each of these decisions to determine what role, if

- 2 -

Joint Case Mgmt. Stmt  (C 14-00695 JST (PR))

1  any, Defendants played in influencing the timing of these decisions.  Plaintiff requests six months
2  to complete this discovery.

3     **B.     Plaintiff's Name Change Claim**

4       Plaintiff respectfully requests that her claim related to Defendants' refusal to allow her to
5  pursue a legal name change be stayed pending resolution of Plaintiff's petition for a legal name
6  change currently pending in the Superior Court of California, County of San Francisco.  Plaintiff
7  anticipates receiving a final decision on the petition at a hearing scheduled for December 10,
8  2015.  Plaintiff is hopeful that her petition will be granted, thereby mooting the name change
9  claim currently pending before this Court.[1]

10    **C.     Attorneys' Fees**

11      The Court previously granted Plaintiff's Administrative Motion to Enlarge Time to File
12 Motion for Costs and Attorney's Fees, which extended the time for Plaintiff to file her motion for
13 costs and attorney's fees "to fourteen (14) days after the later of:  (i) the resolution of Defendants'
14 appeal of the Court's order granting Plaintiff's motion for a preliminary injunction; or (ii) the
15 resolution of Plaintiff's remaining claim for a legal name change under the Fourteenth
16 Amendment."  (Dkt. No. 112.)  Plaintiff anticipates filing a motion to extend the time for Plaintiff
17 to file her motion for costs and attorney's fees until the issue of vacatur has been resolved.[2]

18 **III.   DEFENDANTS' POSITION**

19    **A.     Vacatur.**

20      On October 5, 2015, Defendants' appeal of the Court's April 2, 2015 preliminary
21 injunction was dismissed as moot following Plaintiff's release on parole.  (Dkt. No. 70-1.)  The
22 Ninth Circuit remanded the case for this Court to determine whether the preliminary injunction
23 order should be vacated and whether Plaintiff is entitled to attorney's fees and costs.  (*Id.* at 7.)

---

[1] Plaintiff's claim for access to a legal name change was not mooted as a result of her parole.  As a parolee, Plaintiff still is required to obtain CDCR approval in order to obtain a legal name change.  *See* Cal. Code Civ. Pro. § 1279.5(c).

[2] On appeal, Defendants argued that Plaintiff was not entitled to attorneys' fees under the Prison Litigation Reform Act based upon this Court's order granting Plaintiff injunctive relief.  The Ninth Circuit was not persuaded and unanimously remanded to this Court for consideration of an award of attorneys' fees.  (Dkt. No. 128 at 7, 8.)

- 3 -

Joint Case Mgmt. Stmt  (C 14-00695 JST (PR))

Plaintiff's complaint alleged that Defendants violated her rights under the Eighth and Fourteenth Amendments by allegedly engaging in a "blanket" policy to deny transgendered prison inmates sex-reassignment surgery. Before those claims could be heard on appeal, Plaintiff was granted parole and released from prison on August 14, 2015. On October 19, 2015, the State released its "Guidelines for Review of Requests for Sex Reassignment Surgery (SRS)," a supplement to the previously existing care guide for gender dysphoria treatment. California's SRS guidelines are the nation's first comprehensive correctional protocol for examining the need for and providing sex-reassignment surgery to incarcerated persons.

All parties agree that the case is now moot. (Dkt. No. 70-1 at 5; *see also Dilley v. Gunn,* 64 F.3d 1365, 1368 (9th Cir. 1995).) Because that fact deprives the Court of jurisdiction, this case should be dismissed.

In the interim, Plaintiff states that she intends to pursue discovery concerning "at least four decision points" that purportedly led to Defendants' appeal becoming moot. But no alleged "decision point" was undertaken to cause the appeal's dismissal, and there was nothing "unusual" concerning Plaintiff's release. First, the decision to the advance Plaintiff's parole hearing from a three-year deferral to one year was undertaken under Penal Code § 3041.5(b)(4). The Board of Parole Hearings is required by law to advance parole dates when the inmate is an appropriate parole candidate. The Board's decision had nothing to do with this litigation, as Plaintiff's parole date was advanced almost one month *before* Defendants were served with the complaint in this action. (*Compare* Dkt. No. 59-2, Ex. 2 to ECF No. 13.) Second, the various continuances of Plaintiff's parole hearings during 2014 and 2015 were mostly at Plaintiff's own counsel's request, not Defendants. Third, once the Board granted Plaintiff's parole on May 21, 2015, that provisional grant went through the Board's decision review process, which was completed on July 8, 2015. There is no requirement that the "full statutory period" elapse during that review. Indeed, in most instances, it does not. And finally, it was Plaintiff herself who advised the Ninth Circuit that she would be released from prison on August 14, 2015. (*See* Dkt. No. 59-1.) Defendants never made any statements about Plaintiffs' exact date of release. After the Governor

- 4 -

Joint Case Mgmt. Stmt (C 14-00695 JST (PR))

declined to take action on the Board's decision by August 7, 2015, and after housing and transportation were confirmed, Plaintiff was released on August 12, 2015.

Plaintiff's request to be allowed to propound discovery, thus prolonging this litigation for at least another six months after the case has become moot, should be denied.

### B. Legal Name Change.

On September 10, 2015, Plaintiff filed her Petition for Change of Name and Gender in the San Francisco Superior Court, Case No. CNC-15-551532. That petition, scheduled for hearing December 10, 2015, is supported by written confirmation by Plaintiff's parole agent, submitted under California Code of Civil Procedure § 1279.5(c), that Plaintiff's name change will not pose a security risk to the community. Accordingly, Plaintiff's demand for injunctive relief concerning her name will be moot on December 10.

### C. Attorney's Fees.

All of Plaintiff's claims are or will soon be moot. Because it has not been "affirmatively established" that Defendants had actually violated Plaintiff's protected rights, she is not entitled to attorney's fees and costs under the Prison Litigation Reform Act. Accordingly, Defendants will move that the case be dismissed without further proceedings.

## IV. SETTLEMENT AND ADR

The parties have not engaged in ADR discussions but intend to further discuss the best ADR plan for the case given its procedural status.

## V. PROFESSIONAL CONDUCT

The attorneys for the Parties have reviewed the Guidelines for Professional Conduct for the Northern District of California.

///
///
///
///
///
///
///

- 5 -

Joint Case Mgmt. Stmt (C 14-00695 JST (PR))

**VI.   OTHER**

The Parties currently see no other issues that are necessary to raise.


Dated: November 18, 2015        */s/ Herman J. Hoying*

HERMAN J. HOYING
AD ASTRA LAW GROUP, LLP
582 Market Street, Suite 1015
San Francisco, California 94104
Tel:  415.795.3579
Fax:  415.276.1976
hhyoing@astralegal.com

*Counsel for Plaintiff*


Dated: November 18, 2015        */s/ Jay C. Russell*

JAY C. RUSSELL
Supervising Deputy Attorney General

*Attorneys for Defendants J. Beard, M. Spearman, R. Coffin, J. Lozano, A. Adams, A. Newton, D. Van Leer and L. Zamora*


**Attestation Under N.D. Cal. Civil Local Rule 5-1(i)**

I, Herman J. Hoying, attest and declare as follows:

Concurrence in the filing of this document has been obtained from all signatories, and shall serve in lieu of their signatures on the document.

I declare under penalty of perjury that the foregoing is true and correct to the best of my knowledge.  Signed on November 18, 2015 in San Francisco, California.


   */s/ Herman J. Hoying*
Herman J. Hoying

- 6 -

Joint Case Mgmt. Stmt  (C 14-00695 JST (PR))