UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| MICHELLE-LAEL B. NORSWORTHY,<br>　　　　　Plaintiff,<br>　　v.<br>JEFFREY BEARD, et al.,<br>　　　　　Defendants. | Case No.  14-cv-00695-JST<br><br>**SCHEDULING ORDER** |

　　　　This Order arises from the Case Management Conference conducted on December 2, 2015.

　　　　On October 5, 2015, the Ninth Circuit dismissed Defendants' appeal of this Court's preliminary injunction order on the grounds that the case became moot upon Plaintiff's release on parole. Norsworthy v. Beard, 802 F.3d 1090, 1092 (9th Cir. 2015). The panel did not vacate this Court's preliminary injunction order, however, but instead remanded the case to this Court to determine "whether to vacate its preliminary injunction order, as well as to consider the question of the award of attorneys' fees." Id. at 1093. The panel directed this Court to make its determination based on whether the appeal "became moot through happenstance or the defendants' own actions" and a consideration of the factors set forth in Ringsby Truck Lines, Inc. v. W. Conference of Teamsters, 686 F.2d 720, 722 (9th Cir. 1982). Id. at 1092-93; see also Dilley v. Gunn, 64 F.3d 1365, 1371 (9th Cir. 1995) (noting that "Ringsby may apply even when both parties play a role in the events mooting the appeal" and "Ringsby can apply even if the appellant engaged in the conduct which caused the mootness for a purpose other than to prevent the appellate court's review of the district court's order"). This Court was directed to make its determination based on "full knowledge of all the facts." 802 F.3d at 1092 n.1.

　　　　Plaintiffs now request the ability to take discovery concerning the process by which

Defendants released the Plaintiff on parole, so that they can assemble the evidence necessary to file a motion and participate in the hearing that the Ninth Circuit's remand order contemplates. ECF No. 134 at 3-4.[1] They request a discovery period of six months, during which they anticipate serving Defendants with requests for production, interrogatories and deposition notices regarding the various decisions underlying Plaintiff's release, "to determine what role, if any, Defendants played in influencing the timing of these decisions." Id.

For their part, Defendants propose no schedule of any kind for resolving the questions posed by the Ninth Circuit and remanded to this Court for decision. They make no suggestion regarding the appropriate length of time for discovery or what forms that discovery should take. Instead, they take the position that because the appeal of the case became moot when Plaintiff was released from CDCR, this Court no longer has jurisdiction and the case should be dismissed. ECF No. 134 at 5 ("Because that fact deprives the Court of jurisdiction, this case should be dismissed."). It is impossible to reconcile Defendants' stated position with the clear language of the Ninth Circuit's order, which expressly vests jurisdiction in this Court to resolve the questions posed by the panel.

The Defendants also make several statements of fact about the circumstances leading up to, and reasons for, the Plaintiff's release on parole – statements they apparently hope this Court will accept at face value without giving Plaintiffs the right to explore or cross-examine them. Id. This form of argument was not persuasive to the Ninth Circuit, 802 F.3d at 1092 n.1 ("although our dissenting colleague may be willing to accept the defendants' assertions regarding the independence of the parole review process, we are not so convinced"), and it is equally unpersuasive here.

In short, the Defendants' position is not a proposal for how to effectuate the Ninth Circuit's directive, but simply a statement of disagreement with it. The Plaintiff's proposed course of action is a measured and reasonable one. Accordingly, the Court now sets the following schedule:

---

[1] All references to page numbers in docketed materials are to the pagination provided by the Court's Electronic Case Filing system.

| | |
|---|---|
| 1    Discovery cut-off | July 1, 2016 |
| 2    Plaintiff's opening brief regarding vacatur | July 22, 2016 |
| 3    Defendants' opposition | August 12, 2016 |
| 4    Plaintiff's reply | August 26, 2016 |
| 5    Hearing on Plaintiff's motion re vacatur | September 12, 2016 at 2:00 p.m. |

At this morning's hearing, the parties disputed the appropriate scope of discovery. To resolve these disputes, and by agreement of the parties as stated on the record, they will meet and confer immediately regarding the scope of discovery. They will then file either a joint proposed discovery plan or competing proposed plans by December 9, 2015. If they propose competing plans, the Court will conduct a brief hearing on December 10, 2015 at 9:30 a.m. Discovery may commence immediately following the Court's adoption of a discovery plan.

Within ten days of the issuance of the Court's order on Plaintiff's vacatur motion, the parties are ordered to file a Joint Case Management Statement and a request for the setting of a Case Management Conference. If Plaintiff seeks attorney's fees, the parties must propose a briefing and hearing schedule for resolution of that request.

The Court will not order the parties to engage in ADR efforts at this time, but will act promptly on any joint request to facilitate such efforts.

IT IS SO ORDERED.

Dated: December 2, 2015

JON S. TIGAR
United States District Judge