| | |
|---|---|
| XAVIER BECERRA<br>Attorney General of California<br>MARISA Y. KIRSCHENBAUER<br>Supervising Deputy Attorney General<br>PREETI K. BAJWA<br>Deputy Attorney General<br>State Bar No. 232484<br>  1515 Clay St. 20th Floor<br>  Oakland, CA 94612<br>  Telephone: (510) 879-0980<br>  Fax: (510) 622-2270<br>  E-mail: Preeti.Bajwa@doj.ca.gov<br>*Specially appearing for Defendants*<br>*Beard, Coffin, Voong, Spearman, Zamora, Lozano,*<br>*Adams, Van Leer, Kernan, and Newton* | CHRISTOPHER J. BANKS, Bar No. 218779<br>PHILLIP J. WIESE, BAR NO. 291842<br>LOUIS Y. LEE, BAR NO. 315753<br>MORGAN, LEWIS & BOCKIUS LLP<br>One Market, Spear Street Tower<br>San Francisco, California 94105-1126<br>Telephone: (415) 442-1000<br>Fax: (415) 442-1001<br>christopher.banks@morganlewis.com<br>phillip.wiese@morganlewis.com<br>louis.lee@morganlewis.com<br>*Attorneys for Plaintiff*<br>*Michelle-Lael B. Norsworthy* |

IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| **MICHELLE-LAEL B. NORSWORTHY,**<br><br>                        Plaintiff,<br><br>v.<br><br>**JEFFREY BEARD, et al.,**<br><br>                        Defendants. | C 14-00695 JST (PR)<br><br>**JOINT CASE MANAGEMENT STATEMENT**<br><br>Date:         May 20, 2019<br>Time:        9:30 a.m.<br>Courtroom:  4<br>Judge:       The Honorable Jon S. Tigar<br>Trial Date:  N/A<br>Action Filed: February 14, 2014 |

**I.  PLAINTIFF'S POSITION**

On April 2, 2015, this Court entered a Preliminary Injunction against California Department of Corrections and Rehabilitation ("CDCR") on behalf of Defendants Jeffrey Beard, A. Newton, A. Adams, Lori Zamora, Raymond J. Coffin, Marion Spearman, David Van Leer, and Jared Lozano, in favor of Michelle-Lael B. Norsworthy, enjoining CDCR from delaying to provide Ms. Norsworthy sexual reassignment surgery ("SRS") to treat her gender dysphoria. Dkt. #94. Shortly after, CDCR paroled Ms. Norsworthy, the parties voluntarily dismissed the action. Dkt. #141. In the time since that dismissal and release from CDCR custody, Ms. Norsworthy has undergone SRS, as well as three follow-up surgeries to treat complications from

the original SRS. Her doctor has recommended at least one additional surgery. Every day without the surgery, Ms. Norsworthy suffers from extraordinary pain.

On Feb. 18, 2019, a Solano County Superior Court judge sentenced Ms. Norsworthy for violating her parole and remanded her to CDCR custody. *State v. Norsworthy*, No. FCR340926 (Solano Cnty. Sup. Ct.). Ms. Norsworthy now resides in the Central California Women's Facility in Chowchilla, California. Since returning to CDCR custody, Ms. Norsworthy has met with CDCR's on-site transgender doctor and received a recommendation for the same additional surgery to treat the SRS complications.

Despite recommendations from two different doctors for this medically necessary surgery, CDCR has not provided the surgery to Ms. Norsworthy, who is informed and believes that CDCR rejected her request and the doctors' recommendations for the additional surgery. In response, Ms. Norsworthy filed a motion to compel dated April 29, 2019 (Dkt. #142) before this Court to enforce the April 2, 2015 Preliminary Injunction.

Counsel for Ms. Norsworthy and CDCR met and conferred on Tuesday, May 7 and Friday, May 10, 2019 to discuss the issues. Counsel for Ms. Norsworthy understands that it is CDCR's position that CDCR is awaiting medical records from the doctor who performed the SRS prior to Ms. Norsworthy's re-incarceration and that CDCR has represented that it has not yet made a decision on Ms. Norsworthy's request for the additional surgery.

At this time, counsel for Ms. Norsworthy is still working to gather additional information. However, Ms. Norsworthy's overall position has not changed; CDCR has failed to act promptly to provide Ms. Norsworthy with access to adequate medical care and to alleviate her excruciating and ongoing pain. Ms. Norsworthy intends to assert her rights and request all remedies available to her.

**II.  DEFENDANTS' POSITION**

The Attorney General's Office, specially appearing for Defendants, submits this Case Management Statement under the Court's April 29, 2019 Order.

**A.  Statement of Facts.**

On February 24, 2016, the parties stipulated that this case should be dismissed with

prejudice under Federal Rule of Civil Procedure 41(a)(1)(A)(ii). Under that stipulation, the Court dismissed the case with prejudice and closed its file. (ECF No. 141.) This Court did not retain jurisdiction to enforce the settlement agreement. (*Id.*) On April 24, 2019, Norsworthy filed her motion to compel, seeking to enforce the April 2, 2015 preliminary injunction.

On March 25, 2019, Norsworthy re-entered California Department of Corrections and Rehabilitation's (CDCR) custody on a parole violation. While on parole, Norsworthy underwent gender-affirming surgery and revision surgery. Since her re-incarceration, Norsworthy has received continuous treatment for her gender dysphoria, including meeting regularly with her psychologist, with a further meeting scheduled for May 17, 2019. Since March 25, 2019, Norsworthy has been evaluated by CDCR's healthcare professionals on ten separate occasions— seven appointments with mental health clinicians, and three appointments with medical physicians. Norsworthy's hormone therapy has also been maintained by CDCR. Norsworthy has requested that CDCR schedule her for another revision surgery.

On April 3, 2019, Central California Women's Facility (CCWF)—the institution where Norsworthy is currently housed—submitted a request for services, which included contacting Norsworthy's outside providers to obtain their medical records. On May 3, 2019, CCWF followed up with Norsworthy's outside providers regarding the medical records, and the outside provider submitted those records to CCWF that day. Norsworthy's request for revision surgery is currently under review at CDCR headquarters. In addition, Norsworthy has been provided ibuprofen, gabapentin, and aspirin to alleviate pain symptoms.

**B.    Legal Issues.**

Under Federal Rule of Civil Procedure 41(a)(1)(A)(ii), a dismissal with prejudice operates as an adjudication on the merits, barring further action on the same claims in the same court. ("'With prejudice' is an acceptable form of shorthand for an adjudication upon the merits"). A Rule 41(a)(1)(A)(ii) dismissal also divests a court of jurisdiction. *SmallBizPros, Inc. v. MacDonald* (5th Cir. 2010) 618 F.3d 458, 461-64. Here, the parties' agreement for the Rule 41(a)(1)(A)(ii) dismissal did not condition its effectiveness on the Court retaining jurisdiction, and the Court did not do so before dismissing the case. In addition, under the settlement

3

agreement, Norsworthy expressly released Defendants from all claims, past, present, and future, whether known or unknown, arising from the complaint's allegations.

**C. Relief.**

The Court does not have jurisdiction to award relief.

**D. Settlement and ADR.**

Defendants have not explored settlement or ADR as this is a closed case and the Court's jurisdiction has ended.

**E. Scheduling.**

Defendants do not believe there are any scheduling matters to be discussed, as this is a closed case.

**III. PROFESSIONAL CONDUCT.**

The parties and their counsel have reviewed the Guidelines for Professional Conduct for the Northern District of California.

/ / /

/ / /

/ / /

| | | |
|---|---|---|
| Dated: May 13, 2019 | | Respectfully submitted, |

XAVIER BECERRA
Attorney General of California
MARISA Y. KIRSCHENBAUER
Supervising Deputy Attorney General


*__Preeti K. Bajwa__*
PREETI K. BAJWA
Deputy Attorney General
*Specially Appearing for Defendants Beard, Coffin, Voong, Spearman, Zamora, Lozano, Adams, Van Leer, Kernan, and Newton*


Dated: May 13, 2019                                    Respectfully submitted,

MORGAN LEWIS & BOCKIUS


*__Christopher J. Banks__*
CHRISTOPHER J. BANKS
*Attorneys For Plaintiff Norsworthy*

**Attestation Under N.D. Cal. Civil Local Rule 5-1(i)**

I, Preeti K. Bajwa, attest and declare as follows:

Concurrence in the filing of this document has been obtained from all signatories, and shall serve in lieu of their signatures on the document.

I declare under penalty of perjury that the foregoing is true and correct to the best of my knowledge. Signed on May 13, 2019 in Oakland, California.

*Preeti K. Bajwa*
_____
Preeti K. Bajwa

SF2014409242
13700738.docx

# CERTIFICATE OF SERVICE

Case Name:   *J. B. Norsworthy v. J. Beard, et al.*     Case No.   **C 14-00695 JST (PR)**

I hereby certify that on May 13, 2019, I electronically filed the following documents with the Clerk of the Court by using the CM/ECF system:

**JOINT CASE MANAGEMENT STATEMENT**

I certify that **all** participants in the case are registered CM/ECF users and that service will be accomplished by the CM/ECF system.

I declare under penalty of perjury under the laws of the State of California the foregoing is true and correct and that this declaration was executed on May 13, 2019, at San Francisco, California.

| G. Pang | */s/ G. Pang* |
|---|---|
| Declarant | Signature |

SF2014409242 /21453019.docx